**KENNEDY et al. v. FIRST–TRUST JOINT STOCK LAND BANK OF CHICAGO et al.**

**No. 9968.**

Court of Civil Appeals of Texas.
San Antonio.

March 3, 1937.

Rehearing Denied March 31, 1937.

O. Kennedy, of Beeville, and L. Hamilton Lowe, of Austin, for appellants.

Beasley & Beasley, of Beeville, and Lawther & Cramer, of Dallas, for appellees.

MURRAY, Justice.

Appellants, O. Kennedy and Edwin Dickinson, instituted this suit in the district court of Bee county against appellees, First-Trust Joint Stock Land Bank of Chicago, a corporation, and W. H. Vaughan, seeking, by a suit in trespass to try title, to recover the title and possession of a certain 224.11 acres of land located in Bee county.

Appellants claimed the land by virtue of a sale by a substitute trustee, under a power of sale provided for in a deed of trust signed by Samuel A. Fenton, conveying the land in question to Melvin A. Traylor, as trustee, for the benefit of the First-Trust Joint Stock Land Bank of Dallas, to secure a note in the principal sum of $6,200, payable on an amortization plan, in sixty-five equal semiannual installments of $217, except the last installment, which was for the sum of $181.25. Kennedy was the purchaser at the attempted trustee's sale, and he in turn conveyed a part of the 224.11 acres to Dickinson.

The trial was before the judge without a jury and resulted in a judgment that plaintiffs take nothing, from which judgment Kennedy and Dickinson bring this appeal.

The deed of trust contained two paragraphs dealing with sale of the land in case of default by Fenton. The material portion of the first paragraph is as follows: "If any of the payments in the above-described note be not made as the same become due and payable, or if Grantors shall permit any taxes or assessments on said land to become delinquent, or fail to keep the buildings on said premises insured as may be required herein, or apply the proceeds of this loan to substantially different purposes from those for which it was obtained, or if the property herein described shall be sold at foreclosure sale under a junior lien to that evidenced hereby, or in case of a breach of any of the agreements or covenants herein mentioned, the whole note, at the option of the First-Trust Joint Stock Land Bank of Dallas, or the legal or equitable owner or holder thereof, shall become immediately due and payable, and at the request of the said owner or holder of said note said Trustee, or his successor or successors appointed herein, is hereby authorized and empowered to sell the property hereby conveyed. * * *"

The second paragraph reads as follows: "It is agreed that if default be made in the payment of any of the semi-annual installments of the note secured by this deed of trust, the First-Trust Joint Stock Land Bank of Dallas, or its assigns, shall have and is hereby given the right to sell the property herein conveyed in satisfaction of such defaulted payment, without declaring the whole debt due, such sale to be made upon the same terms and conditions, as to manner of advertisement, time and place of sale, etc., as is provided for in the event said Bank exercises its option and declares the whole note due, save and except that where the sale is made because of the default of one or more of the semi-annual payments such sale shall be made subject to the unmatured part of the note secured by this deed of trust, and it is agreed that such sale shall not in any manner affect the unmatured part of the debt secured by this deed of trust, but as to such unmatured part this deed of trust shall remain in full force and effect, just as though no sale had been made under provisions of this paragraph; and it is specifically agreed that no one sale under the powers conferred in this paragraph shall exhaust the right of sale under the powers conferred in the first preceding paragraph

hereof relating to the maturity of the entire debt, nor shall one sale exhaust the power of sale to enforce the payment of any subsequently maturing installment the payment of which may be defaulted, and it is agreed that an assignee holding any installment or installments of the note hereby secured shall have the same powers as are hereby conferred on the First-Trust Joint Stock Land Bank of Dallas to request the Trustee named herein, or his successors as herein provided for, to sell the property herein conveyed."

At the time the sale to Kennedy was attempted, the Dallas Bank had transferred the note and mortgage lien to the First-Trust Joint Stock Land Bank of Chicago. The record discloses that the sale to Kennedy was made to satisfy a defaulted installment of $217, which had matured on January 1, 1932, and that the sale was made subject to the balance owing on the original note. These facts are recited in the deed by the substitute trustee, W. H. Vaughan, to O. Kennedy. A sale of this kind is only provided for by the second paragraph above set forth. Appellants contend that the deed of trust providing that all prerequisites to such sale shall be presumed to have been performed, etc., that we should therefore presume that the holder of the note had matured the entire indebtedness and that the sale was made under the provisions of the first mentioned paragraph. It is true that if the record was silent as to what had been done, such a presumption might be indulged in; but when the record clearly shows what was done, then the presumption is overcome, and we are bound by what is indisputably disclosed by the record. Therefore, it becomes certain that the sale was made to Kennedy under the provisions of the second paragraph, which provides for a sale by the holder of the note, and not the trustee.

When the next installment came due default was made by Kennedy, and another sale attempted by the substitute trustee, the land this time being sold to Charles F. Hill. The attempted sale to Hill was also made under the provision of the second paragraph.

It would seem that a sale by a substitute trustee under the provisions of the second paragraph would be void, as this paragraph authorizes the holder of the note and not the trustee, or substitute trustee, to make the sale. A sale by one

other than the person or persons named in the deed of trust is ordinarily void. Estelle v. Hart (Tex.Com.App.) 55 S.W. (2d) 510, 511.

■ However, it is not necessary for us to determine whether the sale to Kennedy was void. The sale to Kennedy and Hill were both made under the provisions of the same paragraph. Both sales were either valid or both were void. If both sales were valid, then Kennedy lost all of his rights to Hill as a result of the last sale. If both sales were void, then Kennedy never acquired any title to the land, and Kennedy can only recover on the strength of his own title. If the sale to him was void, he never acquired any title to the land. If both sales were valid, Kennedy acquired title, and then in turn lost the same to Hill.

There were no findings of fact or conclusions of law requested of the trial judge, and none were filed. The trial judge having found against Kennedy, all disputed fact questions were thereby resolved against him.

Accordingly the judgment of the trial judge will be in all things affirmed.